### 11331.   MARTIN *v.* THE STATE.

LUKE, J.  Martin was convicted of the offense of larceny after trust.  The sole question raised in the bill of exceptions is as to the proof of venue. The evidence amply authorized the jury to find that the defendant had the intent and did in Chatham county convert the property.  The trial judge approved the verdict, and it was not error to overrule the motion for a new trial.

> *Judgment affirmed.   Broyles, C. J., and Bloodworth, J., concur.*
> DECIDED MAY 11, 1920.

Indictment for larceny after trust; from Chatham superior court — Judge Meldrim.   January 27, 1920.

The indictment charged larceny after trust of one automobile. In the brief of counsel for the plaintiff in error it is contended that if the venue was proved, it was proved to be in Bulloch county, and not in Chatham county.

The material facts of the case were stated by the trial judge, in his judgment overruling the motion for a new trial, as follows: "This is the case of larceny of an automobile, and the only question is:  Was the larceny committed in Chatham county?  .  .  It appears that the prisoner hired an automobile in Savannah for five hours, to go to Marlow, Ga., and return.   After the expiration of the five hours he telephoned that he would not return before 8 o'clock p. m.   The next heard of him he was arrested in Jacksonville, Florida.   He went to Statesboro and Douglas, Ga., Orlando, Florida, and thence to Jacksonville.   In Jacksonville he went under the assumed name of Hughes.   He had a suit-case in the car. It is not probable that a person going from Savannah to Marlow and return, in October, to be gone five hours, would require a suitcase.   For a man to start off for a neighborhood trip of five hours, and then go to Statesboro, thence to Douglas, spending two or three days there, then to Orlando, Florida, for a day or two, and then to Jacksonville, where he is picked up by the police under the assumed name of Hughes, is sufficient to warrant the conclusion that the intent to steal was formed in this county."

*J. Hartridge Smith,* for plaintiff in error, cited: 143 *Ga.* 632

(3), 639; 86 *Ga.* 800; 77 *Ga.* 719; 97 *Ga.* 330; 111 *Ga.* 671; 119 *Ga.* 868.

*Walter C. Hartridge, solicitor-general,* contra.